# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal Action No. |
| | : No. 7:11-cr-29 (HL) |
| ZEFERINO VILLANEUVA-VASQUEZ, | : |
| | : |
| Defendant. | : |

## ORDER

On September 26, 2011, Zeferino Villaneuva-Vasquez ("Defendant") pled guilty to illegal reentry into the United States. Now, the Court is faced with deciding the appropriate sentence for the Defendant. Specifically, the Court is faced with the question of whether the Defendant should be considered an aggravated felon based on a past conviction. This past conviction was a guilty plea entered by the Defendant in 2006 to a charge of simple battery that arose out of a domestic dispute with his wife. The determination of whether the Defendant is an aggravated felon is important because U.S.S.G. § 2L1.2(b)(1)(A) authorizes a sentencing enhancement for any person who illegally re-enters the United States if the re-entrance follows a previous criminal conviction for an aggravated felony.

Aggravated felony is defined as "a crime of violence … for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The parties in this case agree that the Defendant's simple battery conviction constitutes a crime

of violence. Therefore, the question is whether the Defendant was imprisoned for at least one year.

The Defendant maintains that he should not be considered an aggravated felon because he never spent any time in jail. The Defendant contends that he was sentenced to probation directly, which does not count as imprisonment. In response, the Government argues that the Defendant is an aggravated felon, because Judge Richard Kent of the State Court of Colquitt County, Georgia, indicated on the 2006 sentencing form that the Defendant was sentenced to twelve months in jail, to be served on probation.

Under Georgia law, a judge has the option to sentence a defendant to probation without ever imposing any kind of corresponding jail sentence. Hillis v. State, 303 Ga. App. 201, 201, 692 S.E.2d 793 (Ga. App. 2010) (noting that "appellate courts of this state have consistently held that 'incarceration' and 'probation' are mutually exclusive concepts"); In re White, 306 Ga. App. 365, 366-67, 702 S.E.2d 694, 695 (Ga. App. 2010) (defining incarceration and probation separately, as independent of one another). However, a judge may also sentence a defendant to a jail sentence and then order the defendant to serve that sentence on probation.

In this case, Eleventh Circuit jurisprudence dictates the answer to whether the Defendant is an aggravated felon. In Hernandez v. U.S. Attorney General, 513 F.3d 1336 (11th Cir. 2008), the defendant was sentenced to twelve months of confinement, to be served on probation. The defendant later violated his

2

probation and was given a prison sentence of twenty-two days. Id. at 1342. The defendant argued that he was "resentenced" and given an entirely new sentence of twenty-two days in prison, and therefore, he did not meet the statutory definition of an aggravated felon for failure to meet the one-year imprisonment requirement. Id. However, the Eleventh Circuit disagreed. The court found that, despite the twenty-two days in prison, the order revoking the defendant's probation made clear that the probation was continued and there was no new sentence, and thus, the defendant qualified as an aggravated felon. Id.

Like Hernandez, the Defendant in this case is attempting to use irrelevant facts to confuse the analysis of whether he should be considered an aggravated felon. The Defendant argues that, based on the manner in which Judge Kent completed previous sentencing forms in unrelated cases, the judge intended to sentence the Defendant directly to probation.[1] For support, the Defendant emphasizes that he never served any time in jail as a result of the simple battery conviction.

While Judge Kent did have the discretion to sentence the Defendant directly to probation, he did not do so in this case. Instead, Judge Kent

---

[1] In a December 2011 sentencing hearing, the Defendant offered testimony from a parole officer that Judge Kent always checks off the box for imprisonment "in jail," even if he only intends for the defendant to serve on probation. At the same hearing, the Defendant also tried to enter a second sentencing form into evidence in an attempt to demonstrate the manner in which Judge Kent filled out these forms. The Court declined to hear this argument, finding that the way Judge Kent filled out other, unrelated sentencing forms has no bearing on the present case.

sentenced the Defendant to twelve months of confinement in jail, to be served on probation. *See* Doc. 28 (boxes checked indicating a guilty plea, a sentence of confinement for 12 months, in jail, a fine of $350.00, and probation of the entire sentence so long as the Defendant complied with the general terms of probation). Whatever Judge Kent's intent may have been, the face of the sentencing form is clear. There are no apparent errors, nor is there any discord between the boxes that Judge Kent checked. Judge Kent's motivations and intentions are now irrelevant. The Court takes the record of the state court judgment at face value. Therefore, the Defendant's objection to sentencing is overruled and the Defendant is found to be an aggravated felon.

**SO ORDERED**, this 12th day of January, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr